UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN BEEMAN,<br>    Plaintiff, | )<br>)<br>) |
| vs. | ) Case No. 20-4256<br>) |
| MATTHEW DROBNEY, et.al.,<br>    Defendants. | )<br>)<br>) |

MERIT REVIEW ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a *pro se* prisoner, claims East Moline Police Officers Matthew Drobney and Berge violated his constitutional rights on July 27, 2020. Plaintiff says the officers arrested and searched him without probable cause and conspired to violate his constitutional rights. (Comp., p. 5).

Plaintiff was driving a friend's truck when the Officers pulled him over. Officers directed Plaintiff to step out of the vehicle, and "intrusively" searched Plaintiff. (Comp., p. 6). Plaintiff did not give the officers permission to search his vehicle. In addition, a police dog circled the vehicle, but made no indication of drugs in the truck.

Meanwhile, the passenger in the vehicle, "allegedly furnished a scale to officers, whereupon they began searching the vehicle without a warrant." (Comp., p. 6). The search led to Plaintiff's arrest for possession with intent to deliver methamphetamine. Plaintiff says he is still in the Rock Island County Jail for "another person's drugs." (Comp., p. 6). Plaintiff is requesting compensatory and punitive damages.

Plaintiff does not indicate why officers originally stopped his vehicle, but the Court notes Plaintiff also received a traffic ticket for not displaying valid vehicle registration.[1] Plaintiff disputes this claim since his complaint maintains the truck had "appropriate" "vehicle identification" which was clearly displayed. (Comp., p. 6)

Plaintiff does not specifically mention the two Defendants by name in the body of his complaint, but he does refer to "officers" during the traffic stop and arrest. (Comp., p. 6). Typically, a Plaintiff must indicate what he is accusing each Defendant of doing to violation his constitutional rights. However, since the *pro se* Plaintiff has identified two Rock Island Police Officers involved in the stop, the Court finds this is sufficient to state claims against Officers Drobney and Berge.

Plaintiff also lists "other unknown officers present throughout process" without clarifying whether he is claiming the other officers were on the scene of the traffic stop or involved in some other way. (Comp, p. 3). Therefore, Plaintiff's vague reference to unknown individuals who are not mentioned in the body of his complaint is not

---

[1] See Rock Island County, www.judici.com, Justin Beeman, Case Nos. 2020 CF 596; 2020 TR 6288, (last visited January 28, 2021).

sufficient to add any additional Defendants. *See Kuhn v. Milwaukee County*, 59 F. Appx. 148, 150 (7th Cir. 2003) (merely naming defendants in the caption of a complaint does not state a claim against them); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (district court properly dismissed *pro se* complaint where it alleged no specific conduct by the defendant and only included the defendant's name in the caption).

Consequently, the Court finds Plaintiff has alleged Defendants East Moline Police Officers Matthew Drobney and Berge violated his constitutional rights when he was stopped and searched without probable cause in violation of his Fourth Amendments, and the officers conspired the violation his Fourth Amendment rights. However, the Court notes the complaint includes two, separate sections which list potential violations. (Comp., p. 2, 5). If the Court has misinterpreted any of Plaintiff's intended claims, he should immediately file a complete, proposed amended complaint clearly stating each intended claim in separate paragraphs and stating how each named Defendant was involved in those allegations.

The Court also notes probable cause "exists if the totality of facts and circumstances known to the officer at the time of the arrest would warrant a reasonable, prudent person in believing that the arrestee had committed, was committing, or was about to commit a crime." *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 714 (7th Cir. 2013). If the Defendants can demonstrate probable cause for the stop, and the passenger showed the officers a drug scale and/or made any comments about using the scale for the sale of drugs, then Plaintiff's case would fail. However, at merit review,

the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Finally, Plaintiff's state court criminal case is still pending. "Parallel civil and criminal proceedings create the possibility of inconsistent rulings." *Rankins v. Winzeler*, 2003 WL 21058536, at *6 (N.D. Ill. May 9, 2003)(holding that federal pre-trial detainee's wrongful arrest and search claims should be stayed pending resolution of ongoing federal criminal proceedings); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (court may stay a civil action until the criminal case has ended); *Lynch v. Nolan*, 598 F. Supp. 2d 900, 903-04 (C.D. Ill. Feb. 23, 2009) (finding *Younger* abstention appropriate to stay the plaintiff's § 1983 suit until the state criminal proceedings were fully resolved). The Court will serve the two Defendants who may raise this issue if appropriate.

Plaintiff has filed a motion for appointment of counsel with his complaint. [5]. Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept *pro bono* appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). In this case, Plaintiff has not demonstrated any attempt to find counsel on his own such as a list of attorneys

4

contacted, or a copy of letters sent or received. Therefore, the motion is denied with leave to renew. [5].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendants East Moline Police Officers Matthew Drobney and Berge violated Plaintiff's Fourth Amendment rights on July 27, 2020 when they stopped him without probable cause, searched him without probable cause, and conspired to violate his Fourth Amendment rights. The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of

service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9**) Defendants may file a motion to stay proceedings if Plaintiff's state court criminal case is still pending.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Deny Plaintiff's motion for appointment of counsel with leave to renew. [5];**

**2) Attempt service on Defendants pursuant to the standard procedures; and, 3) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines.**

ENTERED this 28th day of January, 2021.


s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE